## THE C. M. TITUS.*

*(Circuit Court, S. D. New York.   January 31, 1882.)*

SALVAGE SERVICE—ABSENCE OF NECESSITY—LIABILITY OF CARGO.

>   The absence of any immediate necessity for the service rendered, even though of a salvage character, qualifies the power of the carrier; and where, in addition, the owner of the cargo, though accessible, was not communicated with, and there was an evident attempt, by concert between libellant and the master, to throw the whole expense on the cargo, the right to enforce the demand is forfeited as respects the cargo.

In Admiralty.

*E. D. McCarthy*, for libellant.

*J. A. Bush*, for claimant.

BLATCHFORD, C. J.   Assuming that the service in this case was a salvage service as respects the cargo, but not deciding that it was, there was no pressing necessity for the service without communicating with the owner of the cargo, who was immediately accessible.   The absence of such necessity must qualify the power of the carrier, as the power is founded solely on the necessity.   The views stated by the district judge, in his opinion on this subject, are those sanctioned by principle and precedent.   In view of the absence of immediate necessity, of the exaggeration of the claim by unduly increasing the time charged for, of the antedating of the written agreement, and of the evident attempt, by consent between the libellant and the master, to throw the whole expense on the cargo, the demand, even though of a salvage character, must be held to be one the right to enforce which has been forfeited, as respects the cargo.   The libel is dismissed, with costs to the claimant in the district court, taxed at $37.50, and his costs in this court, to be taxed.

*Reported by S. Nelson White, Esq., of the New York bar.